Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Form 33 R dated June 19, 1996.
2. Agreement of Final Settlement and Release dated September 12, 1996.
3. Letter by Jerry Rawls of the Department of Vocational Rehabilitation dated March 22, 1999.
4. Release of All Claims dated September 18, 1996.
5. Eighteen pages of medical records and reports.
6. Memorandum of Understanding of the Parties dated September 12, 1996.
7. Form 33.
8. A large packet of medical records and reports.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-two years old and has his GED plus a two-year college degree. In July 1995 plaintiff began working for defendant as a pipe fitter, and he continued to work in that capacity until April 4 and 5, 1996 when he claimed that he sustained injuries to his shoulder and cervical spine. Plaintiff testified that on April 4, 1996 he was jerked from his feet by a pipe being maneuvered by a crane, and that on April 5, 1996 a pipe he was holding slipped and pulled him against a handrail.
2. Defendant denied liability for benefits under the Workers Compensation Act and plaintiff, through counsel, pursued his claim for compensation with the Industrial Commission. After a hearing was requested in his case, the parties engaged in a mediation conference in which terms of settlement were agreed upon. In accordance with the Memorandum of Understanding signed at the mediation, an Agreement of Final Settlement and Release was drafted and submitted to plaintiff, through counsel, for his signature. Plaintiff signed the agreement at his attorneys office without reading it. The agreement provided for a lump sum payment of $34,000.00, less attorneys fees, in return for plaintiffs waiver of any future benefits.
3. At the time the agreement was signed, plaintiff was aware that a recent MRI had shown that he had a small disc herniation at the C5-6 interspace.
4. The fully executed compromise settlement agreement was approved by order of the Industrial Commission filed October 3, 1996.
5. After the compromise settlement agreement was approved, plaintiff underwent surgery to his cervical spine and then followed up with the state Department of Vocational Rehabilitation which provided tuition expenses for him to return to college so that he could find suitable employment. He was still in school on the date of hearing before the Deputy Commissioner.
6. On August 21, 1998 plaintiff filed a Form 33 request for hearing indicating that he had undergone surgery and was disabled and that he "no longer agreed that the clincher applied. However, plaintiff presented no evidence to indicate that his employer, the servicing company, nor their attorney mislead him in any way or applied any undue influence over him regarding the settlement agreement in issue. In fact, plaintiff did not talk to defendant or its representatives at all. Consequently, plaintiff failed to prove that there was fraud, misrepresentation, or undue influence of any kind associated with the settlement negotiations.
7. Plaintiff also failed to prove that there was any mutual mistake of fact involved in the settlement. Although plaintiff has indicated that he did not realize that this was a final settlement which prohibited recovery of any future benefits, the misunderstanding was unilateral on his part because, by reading the written terms of the agreement, the other parties were made aware of the final nature of the settlement. The misunderstanding on plaintiffs part was due to his own failure to read the agreement before he signed it.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. A settlement agreement which has been approved by the Industrial Commission is as binding on the parties as an unappealed award of the Commission, and it cannot be set aside unless there was an error due to fraud, misrepresentation, undue influence, or mutual mistake. N.C. Gen. Stat. 97-17; Pruitt v. Publishing Co.,289 N.C. 254, 221 S.E.2d 355 (1976).
2. In that plaintiff has not proven that the settlement agreement approved by the Industrial Commission in his case was entered into as the result of fraud, misrepresentation, undue influence, or mutual mistake of fact, plaintiff is not entitled to have the agreement set aside. G.S. 97-17; Pruitt v. Publishing Co., supra.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs motion to set aside the compromise settlement agreement approved in this case must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of May 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/______________ RENE C. RIGGSBEE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/bjp